By the Court.—Curtis, J.
The referee having, after hearing the testimony and examining the instrument of August 18th, 1868, the appearance of which he considered as sustaining the defendant’s testimony, and taking in view the improbability that the defendant would agree to take the note of an insolvent firm for the balance of his debt, came to the conclusion that the evidence of the defendant must prevail; we see no reason for a departure from the usual rule in such cases, that the findings of fact by the referee should remain undisturbed.
Considering, therefore, that the clause in question was fraudulently added to the instrument after its signature by the defendant, the point arises as to whether the defendant took any interest or title in the wagon under the mortgage to him. It had been made for the mortgagors, and partially paid for by them, but was in the makers’ possession and subject to their lien upon it for the balance, at the time of the execution of the mortgage to the defendant. The defendant took the interest of the mortgagor, subject to the lien of the makers. The makers took no steps to enforce their lien upon it, and *451 upon being paid the amount due them, and with the consent or by the direction of the mortgagors, delivered the wagon into the possession of the plaintiff. By the payment of the sum due the makers, and the payment to D. Greils, the plaintiff became the purchaser and owner of the wagon, and of all claim or interest therein of the mortgagors, free of the lien of the makers. But this interest in the wagon for which he paid the mortgagors $100, and which both he and they recognized as a subsisting interest, had been mortgaged to the defendant, and upon the extinguishment of the preceding lien of the makers, became the first lien upon the wagon. The defendant’s mortgage remaining in full force, as soon as. the wagon was freed from the makers’ lien, the defendant had a right, as it was then due, to proceed to take possession, and foreclose under it.
The foreclosure of the mortgage by the defendant in August, 1868, by taking possession of and selling such, chattels as he then could, cannot operate to prevent him from enforcing his lien upon the wagon at such time as he should become entitled to the possession of it under the mortgage, when he appears to have acted in good faith and not inequitably.
There is nothing in the exceptions taken by the plaintiff to the rulings of the referee upon the admission of evidence, that calls for a review of the findings of the referee.
The judgment entered upon the report of the referee should be affirmed, with costs.